**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARDEEP SINGH, | No.  2:22-CV-1411-KJM-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WARDEN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court is Respondent's motion to dismiss, ECF No. 15.  In his motion to dismiss, Respondent argues the petition must be dismissed with prejudice as an improper second or successive petition and as untimely.  Respondent's motion is supported by the state court record, which has been lodged at ECF No. 16.  For the reasons discussed below, the Court agrees that the petition is both successive and untimely.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

1

# I. BACKGROUND[1]

2      Petitioner was convicted of seven counts of attempted murder, one count of

3 enhancement for using a firearm, six for Grave Bodily Injury, and one for discharging a firearm.

4 Petitioner was sentenced to 199 years plus seven life sentences on March 13, 2008, by a jury.

5 Petitioner appealed the court's conviction with the 3rd Appellate Court, which affirmed the

6 decision on March 8th, 2010.  Petitioner did not file a petition for review with the California

7 Supreme Court.

8      Petitioner filed eleven post-conviction actions:

| | | |
|---|---|---|
| 9<br>10 | First Petition | San Joaquin County Superior Court<br>Filed April 9th, 2009<br>Denied June 9th, 2009 |
| 11<br>12 | Second Petition | San Joaquin County Superior Court<br>Filed August 4th, 2009<br>Denied August 25th, 2009 |
| 13<br>14 | Third Petition | California Court of Appeal<br>Filed October 22nd, 2009<br>Denied November 25th, 2009 |
| 15<br>16 | Fourth Petition | California Supreme Court<br>Filed January 6th, 2010<br>Denied July 28th, 2010 |
| 17<br>18 | Fifth Petition | San Joaquin County Superior Court<br>Filed July 3rd, 2019<br>Denied August 12th, 2019 |
| 19<br>20 | Sixth Petition | California Court of Appeal<br>Filed September 23rd, 2019<br>Denied November 15th, 2019 |
| 21<br>22<br>23 | Seventh Petition | California Supreme Court<br>Filed November 25th, 2019<br>Granted February 11th, 2020 ( Order to show cause)<br>Denied October 8th, 2021 |
| 24<br>25 | Eighth Petition | San Joaquin County Superior Court<br>Filed March 6th, 2020<br>Denied October 7th, 2021 |
| 26<br>27 | Ninth Petition | California Court of Appeal<br>Appeal of September 23rd, 2019, decision<br>Filed November 3rd, 2021 |

28

---

[1]    The Court's summary of state court proceedings is derived from the state court record lodged at ECF No. 16.

Denied November 12th, 2021 (denied as non-appealable)

Tenth Petition                  California Court of Appeal
                                Filed January 18th, 2022
                                Denied March 7th, 2022

Eleventh Petition               California Supreme Court
                                Filed March 10th, 2022
                                Denied May 11th, 2022

Petitioner filed a prior federal habeas petition challenging the same conviction, see Singh v. Lopez, case no. 2:11-CV-0944-TJB, which was denied on the merits on April 9, 2012. See ECF No. 16.  Petitioner filed the current federal petition at issue on August 8, 2022.  See ECF No. 1.

## II.  DISCUSSION

In his motion to dismiss, Respondent argues that Petitioner is attempting to bring new claims while challenging the same conviction by way of a second or successive petition filed without prior approval from the Ninth Circuit Court of Appeals.  Respondent also argues that Petitioner's claims are untimely as almost nine years have passed between petitions and the one-year statue of limitations has run.  For the reasons discussed below, the Court agrees with both arguments and finds that the instant petition must be dismissed as an improper second or successive petition and as untimely.

### A.    **Successive Claims**

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist: Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id.  This determination is made by the Court of Appeals on an application for leave to file a second of successive petition in the district court.  See 28 U.S.C. § 2244(b)(3)(C).  Before a second or

3

1   successive petition can be filed in the district court, however, the petitioner must first obtain

2   leave of the Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A). In the absence of proper

3   authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second

4   or successive petition and must dismiss it.  See Cooper v. Calderon, 274 F.3d 1270 (9th Cir.

5   2001) (per curiam).

6             Petitioner raises six claims in the pending petition: (1) ineffective counsel; (2)

7   insufficient evidence was presented at trial; (3) inadequate fact-finding; (4) significantly

8   enhanced sentence; (5) denied cross-section of the county; and (6) excessive restitution without a

9   hearing.  See ECF No. 1.  These current claims all relate to the March 2008 conviction and

10  sentence, as did Petitioner's prior habeas case.  As such, they are second or successive.  See

11  Vasquez v. Parrott, 318 F.3d 387, 390 (9th Cir. 2003 ("to be considered 'successive,' a

12  prisoner's second petition must, in a broad sense, represent a second attack by federal habeas

13  petition on the same conviction").  Because Petitioner has not obtained prior approval from the

14  Ninth Circuit Court of Appeals based on a determination under § 2244(b)(3)(C) that a second or

15  successive petition should be allowed in the district court, this Court lacks jurisdiction to

16  consider the current petition.  See Cooper, 274 F.3d 1270.

17      **B.**    **Statute of Limitations**

18            Federal habeas corpus petitions must be filed within one year from the later of: (1)

19  the date the state court judgment became final; (2) the date on which an impediment to filing

20  created by state action is removed; (3) the date on which a constitutional right is newly-

21  recognized and made retroactive on collateral review; or (4) the date on which the factual

22  predicate of the claim could have been discovered through the exercise of due diligence.  See 28

23  U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

24  judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

25  review.  See 28 U.S.C. § 2244(d)(1).

26  / / /

27  / / /

28  / / /

1    / / /

2           Where a petition for review by the California Supreme Court is filed and no

3    petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

4    begins running the day after expiration of the 90-day time within which to seek review by the

5    United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

6    Where no petition for review by the California Supreme Court is filed, the conviction becomes

7    final 40 days following the Court of Appeal's decision, and the limitations period begins running

8    the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in

9    the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the

10   state trial court, and the limitations period begins running the following day.   See Cal. Rule of

11   Court 8.308(a).  If the conviction became final before April 24, 1996 – the effective date of the

12   statute of limitations – the one-year period begins to run the day after the effective date, or April

13   25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

14          The limitations period is tolled, however, for the time a properly filed application

15   for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

16   "properly filed," the application must be authorized by, and in compliance with, state law.  See

17   Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

18   DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

19   state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

20   and the failure to comply with those time limits precludes a finding that the state petition is

21   properly filed).  A state court application for post-conviction relief is "pending" during all the

22   time the petitioner is attempting, through proper use of state court procedures, to present his

23   claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

24   "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

25   U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

26   petition to the Supreme Court was pending).

27   / / /

28   / / /

5

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).

    1. <u>Limitation Period</u>

After being convicted, Petitioner filed a direct appeal to the California Court of Appeal.  The Court of Appeal affirmed the judgment on March 8, 2010.  See ECF No. 16-26 pgs. 2, 1708.  Following the decision, Petitioner had 40 days to seek direct review in the California Supreme Court.  See Cal.  Rules of Court, Rule 8.500(e)(1).  The 40-day period ended on April 17, 2010, and Petitioner did not seek direct review.  Thus, the one-year period commenced on April 18, 2010, and ended, absent statutory tolling, on April 18, 2011.

    2. <u>Tolling</u>

Petitioner was required to file all petitions by April 18, 2011, to be within the one-year time limitation period.  Petitioner filed four habeas corpus petitions before the commencement of the limitation period.  The fourth habeas petition was filed on January 6, 2010, and was pending until July 28, 2010, after the commencement of the one-year time limitation period on April 17, 2010.  The time from April 17, 2010, to July 28, 2010, did not count towards the one-year time limitation because the petition was pending.  The one-year time limitation began on July 29, 2010, and ended one year later on July 29, 2011.

Petitioner made no additional filings until July 3, 2019, almost eight years after the time limitation period had ended.  Petitioner filed the current petition on August 8, 2022, over ten years after the time limitation ended.  Therefore, the current petition is untimely.  This serves as a sufficient and independent reason to dismiss the petition.

/ / /

/ / /

/ / /

/ / /

6

1

### III.  CONCLUSION

2          Based on the foregoing, the undersigned recommends that Respondent's motion to

3 dismiss, ECF No. 15, be granted.

4          These findings and recommendations are submitted to the United States District

5 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

6 after being served with these findings and recommendations, any party may file written objections

7 with the court.  Responses to objections shall be filed within 14 days after service of objections.

8 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

10

11 Dated:  June 15, 2023

12                                        _____
                                         DENNIS M. COTA
13                                       UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28