IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARDEEP SINGH,<br><br>           Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>           Respondent. | No. 2:22-cv-01411-KJM-DMC-P<br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

      On June 15, 2023, the Magistrate Judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein. Timely objections to the findings and recommendations have been filed.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court declines to adopt the findings and recommendations.

      First, the magistrate judge recommends dismissing the petition for lack of jurisdiction because petitioner did not obtain authorization to file a second or successive petition. F. & R. at 4, ECF No. 21. The magistrate judge appears to conclude this petition is a second or successive

petition because it raises claims that relate to the same state court judgment that was contested in petitioner's prior federal habeas petition. *See id.* However, the fact petitioner "has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.'" *Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998)). Rather, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) ("Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition."). In the findings and recommendations, the magistrate judge does not explain why petitioner's claims have or could have been adjudicated on the merits in the prior petition. In his objections, petitioner specifically argues he is bringing a new claim that could have not been brought in his prior petition. *See* Objs. at 2–3, ECF No. 22. Specifically, petitioner points to his actual innocence claim, *id.* at 3, which the magistrate judge did not discuss in the findings and recommendations, F. & R. at 4.

Second, the magistrate judge finds the petition is untimely. *Id.* at 6. However, the magistrate judge does not discuss petitioner's actual innocence claim and whether petitioner has overcome the statute of limitations issue by presenting sufficient evidence of actual innocence. *See Vosgien v. Persson*, 742 F.3d 1131, 1134 (9th Cir. 2014) ("A federal habeas petitioner can overcome a procedural default, including a failure to comply with the statute of limitations, by demonstrating actual innocence of the crime underlying his conviction.").

Accordingly, the court declines to adopt the findings and recommendations filed on June 15, 2023 (ECF No. 21). This matter is referred back to the magistrate judge to address in full whether the petition is a second or successive petition under 28 U.S.C. § 2244 and to determine whether petitioner has presented "a convincing showing of actual innocence" to overcome the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

IT IS SO ORDERED.

DATED: August 28, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE