IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pardeep Singh,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>Warden,<br><br>　　　　　Respondent. | No.  2:22-cv-01411-KJM-DMC-P<br><br>ORDER |

　　　　　Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

　　　　　On September 5, 2023, the Magistrate Judge filed amended findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within the time specified therein.  Timely objections to the amended findings and recommendations have been filed.

　　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

/////

/////

1

Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has considered whether to issue a certificate of appealability.  Before Petitioner can appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Where the petition is denied on the merits, a certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  *See* Fed. R. App. P. 22(b).  Where the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)).  For the reasons set forth in the Magistrate Judge's findings and recommendations, the Court finds that issuance of a certificate of appealability is not warranted in this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The amended findings and recommendations filed September 5, 2023, are adopted in full.

2. Respondent's motion to dismiss, ECF No. 15, is GRANTED.

3. Petitioner's petition for a writ of habeas corpus, ECF No. 1, is DISMISSED as untimely.

4. In plaintiff's objections, plaintiff requests a new Magistrate Judge be assigned to his case.  Under 28 U.S.C. § 455, a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned or where he has a personal bias or prejudice concerning a party.  The court does not find disqualification of the Magistrate Judge is appropriate in this matter, as the record does not disclose any bias the Magistrate Judge holds against plaintiff.

/////

        5.       The Court declines to issue a certificate of appealability.

        6.       The Clerk of the Court is directed to enter judgment and close this file.

DATED: April 16, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE